IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SAMSON M. LOYNACHAN, § | |
| Petitioner, § | |
| § | |
| V. § | CIVIL ACTION NO. 4-15-CV-708-O |
| § | |
| LORIE DAVIS, Director,[1] § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

## **OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Samson M. Loynachan, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed without prejudice on exhaustion grounds.

## **I. BACKGROUND**

Petitioner was indicted for capital murder in Tarrant County, Texas, in the death of Chloe Robinson, a child younger than six years of age. Adm. R., Clerk's R., vol. 1, 9, ECF No. 22-24. Following a jury trial, the jury found Petitioner guilty and, on May 29, 2012, assessed his punishment at life imprisonment. *Id.*, vol. 2, 379 & 386, ECF No. 22-25. Petitioner appealed, but the Thirteenth District Court of Appeals of Texas affirmed the trial court's judgment, and, on November 18, 2015, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. *Id.*, Mem. Op., ECF No. 22-14 & Email Notice, ECF No. 22-17. Petitioner did not seek writ of certiorari or

---

[1]Effective May 4, 2016, Lorie Davis replaced Williams Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis was automatically substituted as the party of record.

pursue postconviction state habeas relief. Pet. 4, ECF No. 3.

## II. ISSUES

Petitioner raises ten grounds for relief that fall within the following general categories:

- Ineffective assistance of trial and appellate counsel (grounds one through eight);

- The accumulation of errors violated his right to due process (ground nine); and

- All other constitutional error (ground ten).

Supp. to Pet. 1-5, ECF No. 4.

## III. RULE 5 STATEMENT

In her preliminary response, Respondent asserts that she does not belief the petition is time-barred or successive, however she does believe the petition is a mixed petition–*i.e.,* raises both exhausted and unexhausted claims, and should be dismissed without prejudice so that Petitioner may fully exhaust his claims in state court. Resp't's Answer 4-7, ECF No. 24.

## IV. EXHAUSTION

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in the state courts before requesting federal habeas relief. 28 U.S.C. § 2254(b)(1), (c)[2]; *Fisher v. Texas*,

---

[2]The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

>(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>   (B)(i) there is an absence of available State corrective process; or
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>   . . .

169 F.3d 295, 302 (5th Cir. 1999). A state petitioner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claim(s) to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995). Petitioner has not yet filed a state habeas-corpus application and asserts that all grounds raised in this federal petition are presented for the first time. Pet. 13, ECF No. 3. Petitioner asserts that he filed this protective petition to avoid expiration of the federal one-year statute of limitations, and he sought a stay and abeyance, which this Court denied on October 1, 2015. Order, ECF No. 11.

An inspection of Petitioner's state court pleadings reveals that the petition is, in fact, a mixed petition. *See Johnson v. Quarterman,* 479 F.3d 358, 360 (5th Cir. 2007) (claim raised in petitioner's response to *Anders* brief and pro se petition for discretionary review was fairly presented to the Texas Court of Criminal Appeals for purposes of exhaustion).[3] It is well established that a mixed habeas-corpus petition generally must be dismissed without prejudice. *See* 28 U.S.C. § 2254(b)(1)(B); *Rose v. Lundy,* 455 U.S. 509, 518-19 (1982); *Alexander,* 163 F.3d at 908.

However, this Court is aware that, since the filing of a federal petition for habeas relief does not toll the federal limitations period, Petitioner may likely be time-barred under the one-year statute

---

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

[3]Petitioner's appellate counsel filed an *Anders* brief on direct appeal. Adm. R., Br. of Appellant, ECF No. 22-22. Petitioner filed a response and a pro se petition for discretionary review raising one or more of the claims raised in this federal petition. *Id.*, Pro Se Br. & PDR, ECF Nos. 22-27 & 22-2, respectively.

of limitations in 28 U.S.C. § 2244(d)(1) if and when he returns to this Court after exhausting his state remedies relative to his claims. In limited circumstances, for good cause shown, stay and abeyance is available to allow a petitioner to return to state court to exhaust his previously unexhausted claims. *Rhines v. Weber,* 544 U.S. 269, 275-77 (2005). As noted in the Court's October 1 order, stay and abeyance is only appropriate when there is (1) good cause for the failure to exhaust, (2) the unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 277-78.

Petitioner's motion to stay and abey was denied on the basis that, instead of filing a state habeas application, Petitioner persisted in filing frivolous and dilatory litigation in the state courts regarding his inability to pay for and obtain a copy of the state court records in order to prepare "a proper (state) writ." Pet. 13, ECF No. 3. In Petitioner's response to Respondent's preliminary answer, he acknowledges that he has not filed a state habeas application and provides the following explanation:

> Without the benefit of counsel on this initial-review collateral proceeding, and with the state preventing him the tools that an attorney would readily have available, he has been unable to create a complete, adequate habeas package to submit to the state courts.
>
> [Petitioner] did not submit this protective petition to be adjudicated on the merits before he exhausted his state remedies. However, because the motion to stay and abate was denied, this Court should further these proceedings by providing [him] a copy of the record, expand the record, conduct evidentiary hearings, and appoint counsel.

Pet'r's Resp. 2, ECF, No. 29.

There is no requirement under either state or federal law that a habeas petitioner file the state court records in a habeas-corpus proceeding nor does an indigent prisoner have a constitutional right

to free copies of records or transcripts merely to search for possible error in order to prepare a collateral attack on his conviction at some future date. *Bonner v. Henderson,* 517 F.2d 135, 136 (5th Cir. 1975); *Colbert v. Beto,* 439 F.2d 1130, 1131 (5th Cir. 1971). Similarly, Petitioner's indigency and pro se status are common problems among prisoners seeking postconviction collateral review and do not constitute good cause for his failure to exhaust his state remedies. *Bryd v. Thaler,* No. 4:10-CV-021-A, 2010 WL 2228548, at *3-4 (N.D.Tex. June 3, 2010). Petitioner's intentional delay further mitigates against a stay and abeyance. The Court has confirmed by written communication with the Tarrant County District Clerk's Office that to this date, Petitioner has not filed a state habeas application in an effort to exhaust his previously unexhausted claims. The squandering of such an opportunity is exactly what the exhaustion requirement was designed to prevent and, as such, should not be excused.

Petitioner has failed to demonstrate good cause for his failure to fully exhaust his claims in state court or that he is without an effective state court remedy. His reliance on the "Trevino/Martinez and Coleman/Carrier holdings" has no application to Petitioner's failure to exhaust his state remedies. The holdings in *Martinez* and *Trevino* concern the application of the cause and prejudice exception, as discussed in *Coleman v. Thompson,* 501 U.S. 722 (1991),[4] to a procedural default of an ineffective-assistance-of-trial-counsel claim in state court where there is no

---

[4] In *Coleman*, the Supreme Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id.* at 750.

5

state habeas counsel in the initial state habeas proceeding or counsel in that proceeding was ineffective. *Martinez v. Ryan,* 566 U.S. 1, 9 (2012) ( holding "[i]nadequate assistance of counsel at initial review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial"); *Trevino v. Thaler,* — U.S. —, 133 S. Ct. 1911, 1921 (2013) (applying the *Martinez* doctrine to Texas's procedural system). The cases do not concern attorney error in any proceeding other than the initial-review collateral proceeding, defined by the Supreme Court in *Martinez.* 566 U.S. at 8. Therefore, the fact that Petitioner did not yet file a state habeas application renders the cases inapplicable to this action. *Id.* at 16 (providing "[t]he rule of *Coleman* governs in all but the limited circumstances recognized here").

## V. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED without prejudice for lack of exhaustion of state court remedies. Further, a certificate of appealability is DENIED as Petitioner has not made a substantial showing of the denial of a constitutional right or demonstrated that reasonable jurists would question this Court's procedural ruling.

**SO ORDERED** on this 10th day of May, 2017.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE